# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| ROBERT DUPONT, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 05-5109-CV-SW-DW-P |
| | ) | (Cr. No. 90-5009-1-CR-SW-1) |
| UNITE D STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Pending before the Court is Robert Dupont's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence entered in the above-cited criminal case (Doc. 1). The government filed a response (Doc. 10). For the following reasons, the motion is denied.

I.    Background

On June 15, 2000, the government filed a twenty-two count indictment against eleven individuals and four corporations. In the indictment, the government alleged a health care fraud scheme that involved several residential care facilities, thousands of claims, and over 200 patients. Movant was charged with ten counts. Three days into trial Movant agreed to plead guilty to Count I, conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. The government dismissed the remaining charges.

Movant argues that he entered his plea on the understanding that the government would dismiss all charges against his co-defendant step-daughter, Kelley Liveoak. The written plea agreement contained no such term and included language indicating no other promises or agreements have been made between the parties and that no promises were made to the defendant to induce him to sign the plea agreement. Movant signed the written plea agreement and acknowledged in open

court that he understood the entire agreement. Further, there is no evidence in the record of any objections by the Movant or any motion to withdraw the guilty plea or to enforce the alleged term at the plea hearing. Movant challenged the plea agreement on appeal and the panel upheld the plea agreement and found this Court did not err in failing to set aside the guilty plea for failure of consideration. United States v. Liveoak, 377 F.3d 859, 861-64 (8th Cir. 2004). On August 19, 2005, Movant filed this motion for post-conviction relief alleging ineffective assistance of counsel.

## II. Discussion

### A. Evidentiary Hearing

Movant requests a hearing on the pending motion. A § 2255 motion may be resolved without a hearing if: (1) the movant's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. Sanders v. United States, 347 F.3d 720, 721 (8th Cir. 2003). The record in this case contains all of the information needed to rule on the pending motion. Even accepting Movant's allegations as true, he is not entitled to relief as a matter of law. Accordingly, Movant' request for a hearing is denied.

### B. Ineffective Assistance of Counsel Claims

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel. First, a petitioner must show that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To satisfy this prong of the test, a petitioner must overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance; the Court must be highly deferential when

reviewing counsel's performance. Id. at 689. Second, a petitioner must demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. When the allegation is ineffective assistance of counsel in plea negotiations, the movant must show that his trial counsel was deficient and that the plea negotiation process would have been different. United States v. Regenos, 407 F.3d 691, 693 (8th Cir. 2005).

    C.    Movant's Claims

Movant raises two grounds for relief contending (1) trial counsel rendered ineffective assistance by failing to ensure that the written plea agreement reflected Movant's alleged bargain regarding his guilty plea in exchange for dismissal of all charges against his step-daughter in the same case; and (2) Movant's guilty plea resulted from reliance upon allegedly incorrect advice from counsel concerning the legality of certain billing practices.

Movant's first ground fails because he expressly and repeatedly acknowledged his acceptance of the terms in the written plea agreement. These facts preclude a finding of a deficiency by counsel in this matter. Movant's second ground also fails because he is unable to show the outcome would have been different if counsel had explained the legality of the billing practices differently. Movant essentially argues that if counsel had "properly" informed him that the payments from Garwood to A to Z Billing Services were legal, he would not have pleaded guilty to the conspiracy charge. Even if Movant's interpretation of the legality of these payments were correct[1], this alone does not show that the plea negotiation process would have been different. First, there is no requirement that an overt act in support of a conspiracy must, itself, be illegal. See Yates v. United States, 354 U.S. 298,

---

[1] Respondent argues that the payments are illegal under 42 U.S.C. § 1320a-7b(b)(2)(A), and that counsel correctly advised Movant on this issue.

334 (1957), overruled on other grounds by Burks v. United States, 437 U.S. 1 (1978); United States v. Hermes, 847 F.2d 493, 495-96 (8th Cir. 1988). Further, the Indictment and plea agreement state several other overt acts which would have on their own supported the conspiracy. On this record, the Court finds that the alleged deficiency of counsel does not affect the nature of the charge or the reliability of the guilty plea.

III. Conclusion

For the reasons stated above, Movant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is DENIED.

IT IS SO ORDERED.

Date: April 21, 2006 /s/ DEAN WHIPPLE
Dean Whipple
United States District Court